## Chicago Undertakers' Association, Defendant in Error, v. Richard A. Allen et al., Plaintiffs in Error.

### Gen. No. 15,613.

INJUNCTIONS—*when recovery upon bond will not be sustained.* A recovery upon a bond given in the Appellate Court upon the continuance in force of an injunction will not be sustained unless there is a showing that services were occasioned by the continuance in force of the injunction which were separate and apart from the services required and rendered in sustaining the decree appealed from.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed June 16, 1911.

JAMES R. WARD, for plaintiff in error.

No appearance entered by defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This proceeding in error brings before us for review the record and judgment of the Municipal Court of Chicago in an action brought by defendant in error, Chicago Undertakers' Association of the State of Illinois, against plaintiffs in error, Richard A. Allen and James R. Ward, to recover damages on an injunction bond given in this court, for the continuance in force of an injunction which had been issued by the Superior Court of Cook county.

It appears from the record that Richard A. Allen filed a bill in the Superior Court against defendant in error in this proceeding, the main purpose of which was to test the validity of section 8 of the constitution of defendant in error. Incidental to the relief prayed by the bill a temporary injunction was prayed for and issued upon the complaint giving an injunction bond. On the hearing the court entered a final

decree dissolving the injunction and dismissing the bill for want of equity. An appeal from the decree was taken to this court, and the bond on which the judgment was entered now before us for review was given in this court.

The record shows that a judgment was recovered on the injunction bond given in the Superior Court when the temporary injunction was issued, and that judgment has been paid and satisfied.

The plaintiff's evidence on which the judgment now before us is based consists of the bond, the order of this court taking the case in which it was given under advisement, and the judgment of this court affirming the decree of the Superior Court; the bill of complaint and the decree of the Superior Court; and the admission in open court that the services of the solicitor of defendant in error in this court on the appeal in preparing the brief filed were reasonably worth $100 and that the reasonable cost for printing briefs in this court was $12.75.

No motion appears to have been made in this court to vacate or dissolve the order continuing the injunction in force, and no services of solicitor rendered in this court with the specific purpose of vacating the order continuing the injunction in force is shown. The evidence offered tends to show that the services were rendered in the presentation of the main case upon the decree of the Superior Court. The evidence offered by the defendants below shows that the briefs filed in that case were wholly devoted to the presentation of the main case, and in support of the contention that the decree of the Superior Court was correct and should be affirmed.

We are unable to find from the record that any services were rendered or any money expended which would not have been rendered or expended in the defense of the decree of the Superior Court, had there been no order in this court continuing the injunction in force and no bond given. The record contains no evidence of any services or expenses rendered or incurred because of such order. There is there-

fore no foundation in the evidence for the judgment for damages on the bond.

The judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*